IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**AZEZ WESLIN ELLIS JR., ESTATE**                                                               **PLAINTIFF**

**V.**                                                                                   **NO. 3:17-CV-77-DMB-RP**

**U.S. BANK NATIONAL ASSOCIATION,**
**AS TRUSTEE a.k.a./d.b.a Ocwen Loan**
**Servicing, LLC**                                                                               **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This real property case is before the Court on the motion to dismiss of U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2006-W1 ("U.S. Bank").[1]  Doc. #5.

**I**
**Procedural History**

On April 3, 2017, Azez Weslin Ellis, Jr., purporting to act on behalf of his "Estate," filed a complaint against U.S. Bank in the Chancery Court of DeSoto County, Mississippi.  Doc. #2. Although by no means clear, the complaint asserts claims related to foreclosure proceedings on property allegedly owned by Ellis.  U.S. Bank removed the state court action to this Court on April 25, 2017.  Doc. #1.  Approximately a week later, U.S. Bank filed a motion to dismiss.  Doc. #5. Ellis did not respond to the motion.

**II**
**Analysis**

U.S. Bank's motion to dismiss seeks dismissal of Ellis' claims for failure to state a claim,

---

[1] U.S. Bank asserts it was misnamed in the complaint governing this action, Doc. #5 at 1 n.1, which the plaintiff does not dispute.

under Federal Rule 12(b)(6); and for insufficient service of process, under Rule 12(b)(5).[2]

### A. Rule 12(b)(5)

"Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a claim if service of process was not timely made in accordance with Federal Rule of Civil Procedure 4 or was not properly served in the appropriate manner." *Thomas v. New Leaders for New Sch.*, 278 F.R.D. 347, 349–50 (E.D. La. 2011). "A district court … has broad discretion to dismiss an action for ineffective service of process." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 635 (5th Cir. 1994).

Rule 4(h) governs the service of associations, like U.S. Bank. Rule 4(h) requires that for service "in a judicial district of the United States" to be valid, the service must be accomplished (1) in compliance with the "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made;" or (2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and-- if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(e), (h). "When service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity." *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981).

Ellis' state court complaint contains a certificate of service stating that a copy was mailed to:

> Jauregui & Lindsey, LLC
> 1661 WORTHINGTON RD.

---

[2] Removal to federal court does not preclude a defendant from challenging sufficiency of service. *See In re Katrina Breaches Litig.*, 309 F. App'x 833, 835–36 (5th Cir. 2009) (affirming Rule 12(b)(5) dismissal in removed action); *Tadco Const. Co. v. Peri Framework Sys., Inc.*, 460 F.Supp.2d 408, 410 (E.D.N.Y. 2006) (removal did not preclude Rule 12(b)(5) motion).

SUITE 100
WEST PALM BEACH, FL 33409

Doc. #2 at 6–7. U.S. Bank argues that dismissal is appropriate under Rule 12(b)(5) because "Plaintiff attempted to serve U.S. Bank via mailing a copy of the summons and complaint via regular U.S. Mail to a West Palm Beach, Florida address. This is improper under Federal Rule of Civil Procedure 4." Doc. #6 at 6. Ellis has offered no argument as to how mailing a copy of the complaint to what appears to be a Florida law firm complied with Rule 4's requirement for service. In the absence of such argument, the Court must conclude that Ellis has failed to satisfy his burden of showing the propriety of service. Accordingly, the question becomes whether the Court, in the exercise of its discretion, should dismiss the action.

The Fifth Circuit has explained that pro se litigants are afforded some leniency in perfecting service but that "when the failure of effective service may be ascribed to the plaintiff's 'dilatoriness or fault' or 'inaction,' the case may be properly dismissed." *Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344–45 (5th Cir. 2007) (quoting *Rochon v. Dawson*, 828 F.2d 1107, 1109–10 (5th Cir. 1987)). Thus, where, as here, a defendant challenges service of process and a pro se plaintiff takes no action related to service for months, the case is properly dismissed. *Id*. Consistent with this authority, the Court concludes that Ellis' five months of inaction following U.S. Bank's motion to dismiss justifies dismissal under Rule 12(b)(5). Such dismissal shall be without prejudice. *See Cardenas v. City of Chicago*, 646 F.3d 1001, 1007 (7th Cir. 2011) ("A dismissal pursuant to a Rule 12(b)(5) motion ordinarily should be entered without prejudice.").

### B. Rule 12(b)(6)

Having concluded that this action should be dismissed without prejudice for insufficient service of process, the Court declines to address U.S. Bank's argument that Ellis's complaint fails

3

to state a claim.  Any dismissal under Rule 12(b)(6) would also be without prejudice,[3] and the Court declines to engage in a merits analysis of claims which have already been dismissed without prejudice.  *See generally Beckerman v. Susquehanna Twp. Police & Admin.*, 254 F. App'x 149, 152–54 (3d Cir. 2007) (affirming district court which granted Rule 12(b)(5) motion and declined to reach merits of Rule 12(b)(6) motion).

### III
### Conclusion

For the reasons above, U.S. Bank's motion to dismiss [5] is **GRANTED in Part and DENIED in Part**.  The motion is GRANTED to the extent it seeks dismissal under Rule 12(b)(5).  The motion is DENIED to the extent it seeks dismissal with prejudice under Rule 12(b)(5) and Rule 12(b)(6).  This action is **DISMISSED without prejudice**.

**SO ORDERED**, this 27th day of October, 2017.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] *See Moawad v. Childs*, 673 F.2d 850, 852 (5th Cir. 1982) ("If dismissal of a pro se complaint is warranted, it should be without prejudice to allow [the plaintiff] to file an amended complaint.").